**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **JANE DOE** | § |
| | § |
| *Plaintiff,* | § |
| | § |
| vs. | § |
| | § |
| **KEVIN DALE MEISTER** | § |
| | § |
| *Defendant.* | § |

**MOTION FOR LEAVE TO FILE ANONYMOUSLY**

**I.  INTRODUCTION**

Plaintiff brings this action under the Trafficking Victims Protection Reauthorization Act, ("TVPRA") 18 U.S.C. § 1581, *et seq*. Plaintiff's allegations in the Complaint are highly personal and sensitive. *See* Exhibit A. They also require her to admit involuntary participation in illegal acts. Critically, her allegations have a high likelihood of provoking a violent and psychologically abusive retaliation by her perpetrator, the Defendant in this case. As a result, Plaintiff moves to proceed anonymously in this action. This motion is made pursuant to Rule 10(a) of the Federal Rules of Civil Procedure and *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). In support of this motion, Plaintiff states as follows:

**II.  ARGUMENT**

**A.  This court has the power to permit Plaintiff to use a pseudonym.**

Generally, pleadings must disclose the identities of the litigants. *See* FED. R. CIV. P. 10(a) ("[T]he title of the complaint must name all the parties . . . ."). Courts may, however, allow plaintiffs to proceed anonymously. *See, e.g*., *Roe v. Wade*, 410 U.S. 113 (1973); *Stegall*, 653 F.2d 180; *Doe v. El Paso County Hosp. Dist.,* EP-13-CV-00406-DCG, 2015 WL 1507840, at *6 (W.D.

Tex. Apr. 1, 2015). Courts in the Fifth Circuit generally look to three factors during their consideration of whether a plaintiff can withhold their identity, including (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compelled plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff was compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d at 185. Fifth Circuit courts also evaluate a range of other considerations in light of the facts and circumstances of the case, including a plaintiff's fear of harassment and violent reprisals, a plaintiff's age and related vulnerability, and the prejudicial impact of a plaintiff's anonymity on the defendant. *See id.* at 186.

The Fifth Circuit has also recognized that "where the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (citations and internal quotations omitted).

Thus, federal courts, including in the Fifth Circuit, often permit plaintiffs to proceed anonymously in cases involving human trafficking. *See*, *e.g., A. B. v. Salesforce.com, Inc.*, 4:20-CV-01254, 2021 WL 3616097, at *1 (S.D. Tex. Mar. 22, 2021); *Does 1-3 v. Sung Bum Chang*, 3:08-CV-2189-N, 2010 WL 11618786, at *3 (N.D. Tex. Feb. 9, 2010) (holding Plaintiffs may proceed anonymously but must disclose identity to Defendants); *Does v. Rodriguez*, CIVA 06CV-00805-LTB, 2007 WL 684114, at *3 (D. Colo. Mar. 2, 2007) (holding plaintiffs may proceed anonymously); *Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 196 (W.D.N.Y. 2002) (holding plaintiffs may proceed anonymously).

**B. Plaintiff's allegations warrant anonymous filing.**

Plaintiff's case fits squarely in the category of cases that warrant anonymity. Plaintiff's prosecution of suit compels her to disclose intimate information. *Wynne & Jaffee*, 599 F.2d at 712. She is the victim of human trafficking and forced labor—the nature of both of which is sexual. She was held in Defendant's home and forced to perform sexual acts for myriad men over the course of two to three years. Defendant subjected her to psychological and sexual abuse. The details of these allegations are undoubtedly of a "sensitive and highly personal nature." *Id.* She fears that public disclosure of her identity will subject her to humiliation and ostracization.

Most importantly, Plaintiff is afraid of physical harm and harassment by Defendant if her identity is revealed. *Stegall*, 653 F.2d 180 at 186 ("[T]hreats of violence generated by this case, in conjunction with the other factors weighing in favor of maintain the Does' anonymity, tip the balance against the customary practice of judicial openness."); *see also Does I-III*, WL 11618786, at *3. As the allegations make clear, she has been physically assaulted and threatened repeatedly by Defendant. Defendant has even threatened Plaintiff with abuse of the legal process. Moreover, Defendant has threatened Plaintiff with serious harm to herself and her children. She continues to fear for her safety throughout the prosecution of this suit.

In addition, the nature of Plaintiff's allegations force her to reveal that she was coerced into committing otherwise illegal acts—engaging in sex for payment—under Tex. Penal Code Ann. § 43.021. *Stegall*, 653 F.2d at 185 (citing one of the main considerations to be whether "plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution").

Plaintiff is also vulnerable. *Stegall*, 653 F.2d at 186. ("The gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs . . . [W]e view the youth of these plaintiffs as a

significant factor in the matrix of considerations arguing for anonymity here."). Plaintiff is not a minor, but she was trafficked immediately after coming to the United States from Honduras, when she spoke very little English and lacked a support system. Defendant limited her exposure to the outside world by taking advantage of her inability to drive, keeping her in his house, and forcing her to work constantly.  In short, her vulnerability tips in favor of proceeding anonymously.

### III. CONCLUSION

As the Fifth Circuit opined, there is no "hard and fast formula" to determine whether a party may sue anonymously. *Stegall*, 653 F.2d 180 at 186. Plaintiff urges the Court to give due consideration to Plaintiff's privacy and safety concerns and grant Plaintiff's Motion for Leave to File Anonymously.

Dated: December 30, 2021

        Respectfully submitted,

By:   */s/ Bruce D. Oakley*
Bruce D. Oakley
Texas SBN 15156900
Southern District ID No. 11824
Blake A. Jenkins
Texas Bar No. 24097885
Southern District No. 2887814
**HOGAN LOVELLS US LLP**
609 Main Street, Suite 4200
Houston, Texas 77002
T  (713) 632-1400
D  (713) 632-1420
F  (713) 632-1401
bruce.oakley@hoganlovells.com
blake.jenkins@hoganlovells.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2021, the foregoing document was filed with the Clerk of Court using the CM/ECF system which sends notification to all counsel of record.

                                      */s/ Bruce D. Oakley*
                                      Bruce D. Oakley